IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1998 SESSION

FILED

January 7, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 01C01-9708-CR-00365 |
| Appellee, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. THOMAS H. SHRIVER, |
| RODNEY FORD, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Aggravated Robbery) |

DISSENTING OPINION

I respectfully disagree with the majority's conclusion that there was an illegal entry into the defendant's home. Because I believe the entry into the residence and the seizure of property were proper, I further disagree that the matter should be remanded for further proceedings to determine the admissibility of the written confession. I would affirm the judgment of the trial court.

The majority concludes that there were no exigent circumstances that would justify the entry. I disagree. The testimony at the suppression hearing revealed that at the time Morris entered the residence on Boatner Drive, the officers were unaware who actually resided there. Specifically, they did not know that this was the defendant's residence. The officers approached the premises and knocked on the front door, which they had every right to do. They then heard "running." The defendant exited the rear of the premises. The record does not indicate that the defendant told the officers it was his residence. The officers called for Morris, but he did not respond even though the officers knew he was inside. The officers opened a door at the rear of the premises, announced who they were and again called for Morris. Again, Morris failed to respond. At that point they entered the premises and subsequently apprehended Morris.

The officers had an arrest warrant on Morris for a very serious and violent offense; namely; aggravated robbery. In determining whether exigent circumstances exist for entry into premises to make an arrest, the gravity of the underlying offense

is an important factor. <u>Welsh v. Wisconsin</u>, 466 U.S. 740, 753, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984). Furthermore, based upon the officers' investigation of the underlying offense, Morris was reasonably believed to be armed; he was reasonably believed to be in the premises being entered; and the entry was made peaceably. *See* <u>Dorman v. United States</u>, 435 F.2d 385 (D.C. Cir. 1970) (a case analyzed in <u>Welsh v. Wisconsin</u>).

Of equal importance was the ability of Morris to hide or destroy the physical evidence relating to the prior robbery. Knowing that Morris is inside and is not responding to the calls of the officers, are the officers then expected to leave him in the premises while one of their number applies for and possibly secures a search warrant two hours later?

This does not seem reasonable to me. A "common sense" approach described in <u>Welsh</u> leads me to the conclusion that the entry was properly based upon exigent circumstances. <u>Welsh</u>, 466 U.S. at 753, 104 S.Ct. at 2099.

Having found the entry to be proper, I would further find the search and seizure of the physical evidence to be justified under the "protective sweep" doctrine. There were articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent police officer to believe that the area to be swept harbored an individual posing a danger to those on the arrest scene. <u>Maryland v. Buie</u>, 494 U.S. 325, 337, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990). The officers were informed that someone else was inside. Furthermore, the officers were seeking to arrest someone thought to be a dangerous felon. They were aware that the felon allegedly had accomplices in the commission of the underlying violent offense which involved stolen weapons. The officers had a right to conduct the protective sweep for their own safety. The evidence found in plain view was properly admissible in evidence.

For these reasons, I respectfully dissent.

_____
**JOE G. RILEY, JUDGE**

2